Argued and submitted March 4, reversed and remanded for reconsideration
December 30, 2009

## DEBRA DENISE SLAIGHT,
*Petitioner,*

*v.*

## DRIVER AND MOTOR VEHICLE
## SERVICES DIVISION (DMV),
a division of the Department of Transportation,
*Respondent.*

Driver and Motor Vehicle Services Division
126333; A133609

225 P3d 100

Kelly M. Doyle argued the cause and filed the briefs for petitioner.

Tiffany Keast, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

**ARMSTRONG, J.**

Petitioner appeals a final order on reconsideration of the Driver and Motor Vehicle Services Division of the Department of Transportation (DMV) that imposed a one-year suspension of petitioner's driving privileges pursuant to ORS 809.310(3)(a). DMV imposed the suspension on the ground that petitioner had violated ORS 807.530 by using a false identity to apply for a driver's license. Petitioner contends that DMV erred in concluding that it was required to impose a one-year suspension for the violation.

The relevant facts are undisputed. DMV initially suspended petitioner's driving privileges for one month under its adult driver improvement program. During that suspension, petitioner obtained a duplicate driver license in her twin sister's name. Petitioner did not use that license and later destroyed it, because, on reflection, she realized that her actions had been wrong. DMV did not learn that petitioner had received a license in her sister's name until her sister later applied for her own license. DMV then responded by issuing to petitioner a notice suspending her license for violating ORS 807.530, which, among other things, prohibits a person from using a false name to apply for a license. Petitioner requested a hearing on the suspension.

At the hearing, petitioner did not dispute that she had violated ORS 807.530 and that DMV could suspend her license for that violation. However, she argued that her prompt decision not to use the license that she had obtained in her sister's name and to destroy it, coupled with the fact that she would lose her job if her license were suspended, constituted good cause under ORS 809.440(1)(d) for DMV to decide to not impose or to modify the proposed suspension.[1]

An administrative law judge (ALJ) issued a proposed final order that rejected petitioner's good cause argument on its merits, reasoning that the facts offered in mitigation of petitioner's conduct were insufficient to support a

_____

[1] ORS 809.440(1)(d) provides that, in a hearing held on a proposed license suspension or revocation, "the department, good cause appearing therefor, may impose, continue, modify or extend the suspension or revocation of the driving privileges."

decision by DMV to not impose or to modify the proposed one-year suspension. DMV did not issue the final order that the ALJ proposed. Instead, it issued a final order, concluding that, whatever good cause meant under ORS 809.440(1)(d), the mitigation evidence presented by petitioner was legally insufficient to provide a basis for DMV to not impose or to modify the proposed one-year suspension.

Petitioner sought judicial review. While review was pending, DMV withdrew its final order and issued a revised final order on reconsideration. In that order, DMV treated petitioner's good cause argument as one that sought only to modify the duration of the suspension, and it relied on ORS 809.415(5) to reject that argument. It reasoned that ORS 809.415(5) provides that a suspension for a violation of ORS 809.310 "shall continue for a period of one year," and, consequently, that it lacked authority to suspend petitioner's license for a period of less than a year.

We conclude that petitioner's argument is not as narrow as DMV understood it to be. She argued to DMV and to us that the facts offered in mitigation provide good cause for DMV to decide not to suspend her license at all even though she had violated ORS 807.530. The order on reconsideration, which pertains only to DMV's authority to impose a suspension of less than one year, does not address that qualitatively different alternative argument. Accordingly, we reverse the order to allow DMV to address it.

Reversed and remanded for reconsideration.